STATE *vs.* JAMES CARUSO.

Penobscot County. Decided July 25, 1930. The respondent, at the January Term of the Superior Court held at Bangor, was tried on a complaint issuing from the Bangor Municipal Court charging him with illegal possession of intoxicating liquors. A verdict of "Guilty" was returned by the jury.

While one of the deputy sheriffs, a State witness, was being cross-examined by the attorney for the respondent, he was asked the following question, which the Court did not permit him to answer:

"Q. In your official capacity as deputy sheriff, you did go to this place quite frequently prior to the time Mr. Caruso went in?"

The witness had several times testified as to the condition of the premises prior to the respondent's occupancy and had testified to his knowledge of several "hides," but had stated that the particular "hide" in which the liquor in this case was found was one of which he had no prior knowledge.

The case comes to this court on exceptions to the refusal of the presiding Justice to allow the witness to answer the question above quoted. There was considerable testimony showing the existence of old "hides" as well as the positive statement on the part of the witness that the "hide" in which the liquor was found was previously unknown to him. It had already appeared in evidence that the witness had frequently gone to the place prior to the respondent's occupancy. An affirmative answer to the above quoted question could have disclosed only what had already been stated. Moreover the respondent's attorney had already brought out from the same witness the answer which he was seeking to elicit from him as a reply to the question which is the basis of his exception, as appears by the following:

"Q. You testified, I think, in your other examination, Mr. Edgerly, that you had searched these premises off and on several times prior to the time Mr. Caruso occupied them as a tenant?"
"A. Yes, Sir."

The respondent was not prejudiced by the refusal to permit an answer to a question already answered.

The entry must therefore be, Exceptions overruled. Judgment for the State. *Albert G. Averill*, County Attorney, for the State. *Arthur L. Thayer*, for respondent.